CASE 48—PETITION ORDINARY—SEPTEMBER 15.

# Hughes' adm'r vs. Brown, &c.

### APPEAL FROM MARION CIRCUIT COURT.

In an action on a note, executed by a married woman, against her and the assignor of the note, the petition alleged that she was, at the date of the note, a married woman, and that she refused to pay on the ground that her coverture exonerated her from legal liability. *Demurrer to the petition ought to have been overruled.* The admitted coverture did not, *per se*, necessarily make the note void; and if it did, she might not have ventured to plead her disability. If she avoided the note, nothing more was necessary to the cause of action against the assignor, who, without any other suit than this, would be responsible.

RUSSELL & AVRITT,                                        For Appellant,

CITED—

1 *Parsons on Contracts, p.* 586.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On a promissory note executed by the appellee, Athanasia Brown, to the appellee, the Kentucky Insurance Company, and assigned to the appellant's intestate, George Hughes, his administrator brought this action against the obligee and assignor, and alleged that she was, at the date of the note, a married woman, and that she refused to pay on the ground that her coverture exonerated her from legal obligation. On demurrer to the petition, the circuit court, adjudging it insufficient, rendered judgment against the appellant.

That judgment we cannot affirm.

The admitted coverture did not, *per se*, necessarily make the note void; and if it did, she might not have ventured

to plead her disability.  A demurrer, therefore, was not the proper mode of taking advantage of it, and, consequently, even as to her, the judgment was erroneous. But had she been first sued alone, and avoided the note, or should she avoid it in this case, nothing more would be necessary to the cause of action against the assignor, who, without any other suit than this, would be responsible; and, therefore, as to the appellant's assignor also, the petition is sufficient.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.